IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

JAMES E. GRANT,

                  OPINION and ORDER

     Plaintiff,

                    13-cv-668-bbc

  v.

MR. YEAGER, MR. KAJELSTAD and
STANLEY CORRECTIONAL INSTITUTION ADMINISTRATION,

     Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

  Plaintiff James E. Grant, a prisoner at the Stanley Correctional Institution, has filed a proposed complaint. He has "struck out" under 28 U.S.C. § 1915(g), which reads as follows:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

On at least three prior occasions, I denied plaintiff leave to proceed *in forma pauperis* in lawsuits that were legally frivolous. Grant v. Barth, 08-cv-669-slc, decided January 8, 2008; Grant v. Robinson, 08-cv-689-slc, decided January 9, 2008; and Grant v. Zeigler, 08-685-slc, decided January 15, 2008. In addition, plaintiff has been sanctioned by this court for numerous previous frivolous filings: the clerk of court has been directed to return unfiled

1

petitioner's filings in future cases until he has paid the $10,343.79 he owes for his cases before this court and the court of appeals, Grant v. Dane County Jail, Case No. 09-cv-727-slc (Jan. 5, 2010), although plaintiff is still permitted to file complaints in which he alleges that he is in imminent danger of serious physical harm.  Accordingly, under either restriction, plaintiff cannot proceed in any of these cases unless I find that the complaint alleges that he is in imminent danger of serious physical injury.

In his complaint, plaintiff alleges that defendants Yeager and Kajelstad (whom I understand to be correctional officers) both attempted to poison him in two separate incidents in late June and early July 2013.  A claim of attempted poison by prison officials might pass muster under the imminent danger standard.  However, a mere allegation that defendants attempted to poison plaintiff is pure speculation that does not properly support a claim.  Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007); Atkins v. City of Chicago, 631 F.3d 823, 830-32 (7th Cir. 2011) (to avoid dismissal, a plaintiff "must plead some facts that suggest a right to relief that is beyond the speculative level.") (internal quotations omitted).  Plaintiff seems to attempt to provide some explanation for why he thinks this so, but the only reason I can make out is that "The sloppy joe [Yeager gave him] had way too much liquid to be water or oil."  Standing by itself, this allegation does not reasonably support plaintiff's belief that Yeager tried to poison him and his other allegations are too illegible to understand.  Therefore, at this point, plaintiff's allegations do not state a claim upon which relief can be granted.

However, because it is conceivable that plaintiff can fix these flaws—all he has to do

is write more legibly (something he has managed on many previous filings) and explain more fully why he thinks Yeager and Kajelstad poisoned him—I will give him a short time to file a new, amended complaint that fixes these problems.  E.g., Luevano v. Wal-Mart Stores, Inc., 722 F.3d 1014, 1024 (7th Cir. 2013) (pro se plaintiffs should be given the same leeway as paying litigants, who ordinarily retain the ability to amend their complaint once as a matter of right, "'even after a court grants a motion to dismiss'") (quoting Alioto v. Town of Lisbon, 651 F.3d 715, 721 (7th Cir. 2011).

ORDER

IT IS ORDERED that

1. Plaintiff James Grant's complaint in this case, dkt. #1, is DISMISSED.

2. Plaintiff may have until November 8, 2013 to submit an amended complaint.

Entered this 28th day of October, 2013.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge